IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:25-cr-118-ECM |
| | ) | [WO] |
| AMANDA DANUELLE DANIELS, *et al.* | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court are motions to continue trial filed by Defendant Amanda Danuelle Daniels ("Daniels") (doc. 443) and by Scott Fredrick Smith ("Smith") (doc. 444). On September 3, 2025, the Court ordered the remaining codefendants to file, no later than September 15, 2025 at noon, a notice or status report regarding his or his position on the motions to continue. (Doc. 446). Counsel for Defendant Tavon Marquis Davies ("Davies") filed a status report informing the Court that he had not been able to obtain his client's position on a continuance (doc. 463); counsel also filed a motion to withdraw (doc. 462). Defendant Benjamin Scott Neal ("Neal") filed a motion to continue (doc. 452), Defendant Alexander Richardson filed a notice of intent to change plea (doc. 456), and the remaining codefendants filed a notice or status report informing the Court that they do not oppose a continuance (docs. 447, 449, 450, 451, 453, 455, 457, 458, 460, 461, 465, 470, 471, 472).

Jury selection and trial are presently set on the term of court commencing on October 6, 2025. For the reasons set forth below, the Court will grant a continuance of the trial as to all Defendants pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for Daniels, Smith, and Neal each represent to the Court that he or she needs additional time to review the voluminous discovery in this case. (Docs. 443, 444, 452). Neither the Government nor the other Defendants oppose a continuance—except for Davies, whose position is unknown at this time. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*,

506 U.S. 534, 537 (1993).  After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial.  Accordingly, and for good cause, it is

    ORDERED that the motions to continue (docs. 443, 444, 452) are GRANTED as to all Defendants, and jury selection and trial are CONTINUED from October 6, 2025, to the criminal term of court set to commence on **January 5, 2026, at 10:00 a.m.** in **Dothan**, Alabama.  All deadlines tied to the trial date are adjusted accordingly.  It is further

    The United States Magistrate Judge shall conduct a pretrial conference prior to the January trial term.

    DONE this 15th day of September, 2025.

                                        /s/ Emily C. Marks  
                              EMILY C. MARKS  
                              CHIEF UNITED STATES DISTRICT JUDGE